IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LASONIA CARLISLE, *et al.*,      *

    Plaintiffs/Relators,      *

vs.      *

    CASE NO. 3:15-CV-565-CDL-CSC

DAEWON KANGUP CO., LTD., *et al.*,      *

    Defendants.      *

O R D E R

Relators Lasonia Carlisle and Jimmy Arwood allege that Defendants Daewon Kangup Co., Ltd., Daewon America, Inc., Andrew Dooho Hurr, and Won Kwon conspired to submit false claims to the government, in violation of the federal False Claims Act, 31 U.S.C. §§ 3729-3733, and several state counterparts. Defendants filed a motion to dismiss for failure to state a claim (ECF No. 36). The Magistrate Judge recommended granting this motion. R. & R. on Defendants' Mot. to Dismiss for Failure to State a Claim ("R. & R. on 12(b)(6) Mot."), ECF No. 59. The Magistrate's recommendation to dismiss the federal law claims in Relators' First Amended Complaint for failure to state a claim is adopted for the reasons set forth below. The Court also agrees with the Magistrate that with no federal claims remaining to be litigated in this proceeding, it is appropriate to decline

supplemental jurisdiction over the state law claims, which are dismissed without prejudice.

Defendant Daewon Kangup Co., Ltd. also filed a motion to dismiss for lack of personal jurisdiction (ECF No. 34). The Magistrate recommended granting that motion. R. & R. on Defendant Daewon Kangup Co., Ltd.'s Mot. to Dismiss for Lack of Personal Jurisdiction, ECF No. 58. Given that the First Amended Compliant is dismissed in its entirety, the Court finds it unnecessary to reach the question whether the Magistrate was correct to recommend dismissal under Rule 12(b)(2) without permitting jurisdictional discovery. Daewon Kangup's motion to dismiss for lack of personal jurisdiction (ECF No. 34) is terminated as moot.

## STANDARD OF REVIEW

The Court designated the Magistrate to submit recommendations for the disposition of any pretrial motions in this case. The Magistrate recommended that Defendants' 12(b)(6) motion be granted. *See generally* R. & R. on 12(b)(6) Mot. Relators filed an objection to the Magistrate's recommendation. Pl.'s Obj. to R. & R. on 12(b)(6) Mot., ECF No. 60. The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the

2

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

DISCUSSION

The Magistrate's Recommendation contains an excellent discussion of the elements for a viable claim under the False Claims Act, as well as the pleading standard for such claims. The Court finds it unnecessary to repeat that discussion here. Relators make the following claims.

First, Relators assert that Defendants, who manufacture automobile parts, violated 31 U.S.C. §§ 3729(a)(1)(A) and (B) by disregarding test results showing that certain automobile parts were defective and then selling those defective parts to automobile manufacturers. Relators further allege that the automobile manufacturers placed Defendants' defective parts in automobiles that may have been sold to federal or state agencies. For the reasons explained by the Magistrate, Relators' allegations with regard to this conduct do not sufficiently plead a False Claims Act claim, and the Court adopts the Magistrate's order as its own.

Second, Relators contend that Defendants violated 31 U.S.C. §§ 3729(a)(1)(A) and (B) when they sold allegedly defective parts to General Motors while the United States was the majority shareholder of the company ("New GM"). Relators contend that false claims presented to New GM should be

3

considered claims presented to the federal government. For the reasons set forth by the Magistrate, Relators' allegations with regard to this conduct do not sufficiently plead a False Claims Act claim. The Court also finds the Government's argument in its statement of interest to be persuasive: a claim presented to New GM, a private corporation, is not a "claim" presented to the United States. *See generally* United States' Statement of Interest, ECF No. 51. For these reasons, Relators' claims based on allegedly defective parts that were sold to New GM are dismissed.

Third, Relators assert that Defendants conspired to violate 31 U.S.C. § 3729(a)(1)(A) and (B). For the reasons explained by the Magistrate, Relators did not adequately allege that Defendants conspired to cause false claims to be submitted to the Government.

Finally, Relators contend that Defendants made reverse false claims in violation of 31 U.S.C. § 3729(a)(1)(G). The Magistrate's recommendation did not clearly address this claim, but the Court finds that it should be dismissed. It is a violation of the False Claims Act for a person to make, use, or cause to be made or used "a false record or statement material to an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(1)(G). It is also a violation

4

to conceal, avoid, or decrease "an obligation to pay or transmit money or property to the Government." *Id.*

Here, Relators assert that Defendants could potentially be subject to civil penalties based on their concealment of alleged defects in their products. But a reverse false claim requires an "obligation," which "means an established duty, whether or not fixed, arising from an express or implied contractual, grantor-grantee, or licensor-licensee relationship, from a fee-based or similar relationship, from statute or regulation, or from the retention of any overpayment." 31 U.S.C. § 3729(b)(3). The civil penalties Relators argue that Defendants owe the Government are contingent on the exercise of administrative discretion. At least one Circuit has concluded that this type of contingent liability is not an "obligation" for purposes of a reverse false claim. *See, e.g., United States ex rel. Simoneaux v. E.I. duPont de Nemours & Co.*, 843 F.3d 1033, 1039 (5th Cir. 2016) (explaining that if "a regulatory penalty has not been assessed and the government has initiated no proceeding to assess it, there is no established duty to pay" and distinguishing False Claims Act claims based on failure to pay customs duties). The Court finds the Fifth Circuit's rationale persuasive. Accordingly, Relators' reverse false claim fails and must be dismissed, along with any conspiracy claim based on alleged reverse false claims.

CONCLUSION

As discussed above, the Court adopts the Magistrate's recommendation to grant Defendants' motion to dismiss Relators' False Claims Act claims for failure to state a claim (ECF No. 36). The False Claims Act claims are dismissed with prejudice. The Court recognizes that Relators asked for leave to file a Second Amended Complaint if the Court found that their First Amended Complaint failed to state a claim. Relators did not file a proposed Second Amended Complaint or explain how more careful drafting would save their claims. Under these circumstances, the Court denies Relators' request for leave to file a Second Amended Complaint.

Having dismissed all of Relators' federal law claims, the Court declines to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3). The state law claims are dismissed without prejudice.

Daewon Kangup's motion to dismiss for lack of personal jurisdiction (ECF No. 34) is terminated as moot.

IT IS SO ORDERED, this 23rd day of May, 2018.

S/Clay D. Land  
CLAY D. LAND  
U.S. DISTRICT COURT JUDGE